[Cite as *State v. Hammond*, 2026-Ohio-2685.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0125 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0583 |
| TIMOTHY HAMMOND | Judgment: Reversed and remanded in part; affirmed in part. |
| Defendant - Appellant | Date of Judgment Entry: July 13, 2026 |

**BEFORE:** Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Judges

**APPEARANCES:** JOSEPH A. PALMER, Assistant Prosecuting Attorney, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1} Appellant Timothy Hammond appeals the trial court's sentence following his plea of guilty to one count of Having a Weapon While Under Disability, one count of Tampering With Evidence, and one count of Aggravated Possession of Drugs with a Firearm Specification. Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2} The appellant was indicted on September 10, 2025, on the following charges:

- Count 1: Having a Weapon While Under Disability in violation of R.C. 2923.13(A)(3) and (B), a felony of the third degree;

- Count 2: Having a Weapon While Under Disability in violation of R.C. 2923.13(A)(1) and (B), a felony of the third degree;

- Count 3: Having a Weapon While Under Disability in violation of R.C. 2923.13(A)(4) and (B), a felony of the third degree;

- Count 4: Tampering With Evidence in violation of R.C. 2921.12(A)(1) and (B); and,

- Count 5: Aggravated Possession of Drugs in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree, with a one year Firearm Specification pursuant to R.C. 2941.141(A).

The appellant pleaded not guilty to all charges at his September 17, 2025, arraignment, but thereafter entered into a plea agreement with the appellee.

{¶3} A Plea of Guilty form was filed on October 6, 2025, in which the appellant pleaded guilty to Counts 1, 4, and 5. The Plea of Guilty form, inter alia, designated Counts 1 and 4 as subject to a minimum prison term of 9, 12, 18, 24, 30, or 36 months; designated Count 5 as subject to a minimum prison term of 6, 7, 8, 9, 10, 11, or 12 months; designated Count 5's concomitant Firearm Specification as subject to a 1 year prison term; and, designated Count 5 and the Firearm Specification as subject to mandatory prison time. The Plea of Guilty form was signed by the appellee and the appellant's trial counsel, as well as the appellant. The appellee thereafter moved to dismiss Counts 2 and 3, which the trial court granted.

{¶4} The appellant pleaded guilty to Counts 1, 4, and 5 as set forth in the Plea of Guilty form at a change of plea hearing an October 6, 2025, and the matter was scheduled for a sentencing hearing. The sentencing hearing proceeded on November 26, 2025, at which

time the trial court sentenced the appellant to a stated prison term of 12 months on Count 1; a stated prison term of 12 months on Count 4; and, a mandatory prison term of 12 months on Count 5, with a mandatory prison term of 1 year on the concomitant Firearm Specification. The trial court further ordered that the prison terms for Counts 1, 4, and 5 be served concurrently to one another, but consecutive to the prison term for the Firearm Specification, for a total aggregate sentence of 24 months.

{¶5} The appellant filed a timely appeal, and sets forth the following three assignments of error:

{¶6} "I. THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S GUILTY PLEA TO AGGRAVATED POSSESSION OF METHAMPHETAMINE (F5) WITH A ONE-YEAR FIREARM SPECIFICATION IN CASE NO. CR2025-0583, AS THE PLEA WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WHERE THE COURT MISADVISED APPELLANT THAT THE FIREARM SPECIFICATION RENDERED THE PRISON TERM ON THE UNDERLYING F5 OFFENSE "MANDATORY TIME" INELIGIBLE FOR REDUCTION BY JUDICIAL RELEASE OR EARNED CREDIT, IN VIOLATION OF CRIM.R. 11 (C)(2)(A), THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

{¶7} "II. THE TRIAL COURT ERRED BY IMPOSING "MANDATORY" PRISON TERMS ON THE UNDERLYING OFFENSES IN CASE NO. CR2025-0583, IN VIOLATION OF *STATE V. LOGAN*, 2025-OHIO-1772, R.C. 2929.13(F)(8), AND APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH

AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION. SENTENCING ENTRY, FILED NOV. 27, 2025."

{¶8} "III. WHEN INDICTMENT STATUS IS USED AS A TRIGGERING LEGAL DISABILITY, FUNDAMENTAL FAIRNESS REQUIRES THAT THE DEFENDANT HAVE A MEANINGFUL OPPORTUNITY TO CONFORM CONDUCT TO THE LAW."

{¶9} The appellant has submitted an appellate brief analyzing the legal issues associated with his assignments of error. The appellee has conceded the facts, analysis, and conclusions set forth in the appellant's brief in their entirety, and agrees with the appellant that "[t]he matter should be remanded for resentencing consistent with *Logan.*" Appellee Brief at page 4.

### ASSIGNMENTS OF ERROR NOS. 1 & 2

{¶10} The appellant's assignments of error numbers 1 and 2 address whether the trial court erred in designating the Count 5 Aggravated Possession of Drugs charge as mandatory.

{¶11} The facts of the case sub judice are on all fours with the facts of the recently decided case of *State v. Young,* 2026-Ohio-2603 (5th Dist.), in which this Court found that the trial court erred in concluding that R.C. 2929.13(F)(8) required the court to designate the prison term for the charge to which a firearm specification had been attached as mandatory, and that there is a distinction to be made between "a mandatory sentence" and "mandatory time served." For the reasons set forth in the *Young* opinion, we reverse and remand this matter to the trial court for resentencing consistent with this opinion and our opinion in *Young.*

## ASSIGNMENT OF ERROR NO. 3

{¶12} The appellant argues in his third assignment of error that the appellee's use of a secret indictment as "a triggering legal disability" upon which to base the charges herein violated fundamental fairness and his right to due process. However, the appellant does not direct this Court to where in the record he made this objection and legal argument to the trial court.

{¶13} An appellant's failure to bring a legal issue to the trial court's attention, but nevertheless appeal the issue, was addressed by this Court in *State v. Byrnes,* 2025-Ohio-3177 (5th Dist.):

> Byrnes did not, however, object to her sentence at the conclusion of her sentencing hearing, and she did not call to the trial judge's attention the alleged legal errors that she now asks us to fix. "An error 'that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court' is deemed forfeited absent plain error." *State v. Bright*, 2025-Ohio-725, ¶ 7 (5th Dist.), quoting *State v. Haudenschild*, 2024-Ohio-407, ¶ 15 (5th Dist.); see also Crim.R. 52(B).

*Id.* at ¶ 7. The appellant pleaded guilty to Having a Weapon While Under Disability, Tampering With Evidence, and Aggravated Possession of Drugs - without objection to the nature of the indictment under which he was charged. He has not argued plain error, nor do we find that plain error is present herein. As such, the appellant's third assignment of error is overruled.

## CONCLUSION

{¶14} Based upon the foregoing, with regard to appellant's assignments of error numbers one and two, the judgment of the Muskingum County Court of Common Pleas is reversed and remanded to the trial court for further proceedings consistent with this Court's opinion in *State v. Young*, 2026-Ohio-2603 (5th Dist.). We find appellant's assignment of error number three to be without merit, and it is therefore overruled.

{¶15} Costs to appellee.

By: Baldwin, P.J.

Popham, J. and

Gormley, J. concur.